**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KRISTIE DRINOSKY, on behalf of
herself and others similarly situated,

      Plaintiff,

v.                                  CASE NO.:

SOUTHEAST TITLE OF THE SUNCOAST, INC.
a Florida Profit Company, and
JAMES G. SMITH,

      Defendants.
_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTIE DRINOSKY ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendants, SOUTHEAST TITLE OF THE SUNCOAST, INC. and JAMES G. SMITH ("Defendants"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3. At all times material, Plaintiff was/is a resident of Hernando County, Florida.

4. At all times material, Defendant, SOUTHEAST TITLE OF THE SUNCOAST, INC., was/is a Florida Profit Company authorized to conduct business in the State of Florida, with its principal place of business at 2190 Mariner Blvd, Spring Hill, FL 34609.

5. At all times material, Defendant JAMES G. SMITH is/was the Owner and President of SOUTHEAST TITLE OF THE SUNCOAST, INC. In that position, Mr. Smith exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

## **GENERAL ALLEGATIONS**

6. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

7. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. Plaintiff was employed by Defendants on and off from 2003 and then was employed full time from June of 2013 through June 2016 as a Title Processor and Closer.

9. In that role, Plaintiff's primary job duties did not involve the exercise of discretion or independent judgment with resepct to matters of significance. Plaintiff was not in a managerial position nor did she supervise anyone.

10. Defendants did not provide Plaintiff or others similarly situated with any

way to keep track of their time. There were no punch clocks, time sheets, etc. Plaintiff was paid the same amount every Friday for forty (40) hours regardless whether she worked more than 40 hours that week.

11. Defendants created a work culture that revolved around "staying until the job was finished." If an employee left right at their scheduled time of 5:00 pm while there was still work to be done, that employee would be ostracized by management the next day.

12. Thus, Defendants were aware that Plaintiff and other similarly situated employees worked more than 40 hours per workweek and knowingly did not pay them any pay or overtime compensation for that time.

13. Around December 2015, Plaintiff had to take time off of work due to an illness. She called out of work for two days and exhausted her sick time. She was permitted to work Saturday in order to catch up with all her work. She worked that week Wednesday through Saturday. However, when Plaintiff received her check, she was not paid at all for Saturday. Defendants did not pay her for Monday and Tuesday, since she did not work, but failed to pay her for the Saturday she did work.

14. Plaintiff went to Kimberly Marks, the CEO, and said "I don't understand how this works." She explained the situation and also used this opportunity to object and complain about not being paid overtime. She explained that she worked more than forty (40) hours every week and there was no way for her to file paperwork or document that and she was not being paid for it.

15. At this point, Mr. Smith, the Owner, overheard Plaintiff's conversation

with Ms. Marks. He entered the room, visibly upset, and told Plaintiff "you should be discussing that with your boss." Plaintiff responded that she thought was. Plaintiff then proceeded to complain to Mr. Smith about the unpaid overtime. Defendants said nothing at this time.

16. From that point forward, Defendants began to pay Plaintiff and others similarly situated overtime. It was also at this time that Defendants hired several family members to the office, some of whom had no experience and were unqualified.

17. During the period of January 2016 until her termination in June 2016, Defendants became very passive aggressive towards Plaintiff. Mr. Smith brought up in a disapproving manner the fact that she complained about unpaid overtime multiple times. He would single her out and snidely ask "how many hours of overtime are you going to charge me this week?"

18. In June 2016, Ms. Marks went in to Plaintiff's office in order to terminate her. Ms. Marks was very emotional as she did not think it was right for Plaintiff to be fired. Once Plaintiff collected all her belongings, she was escorted from the building. Plaintiff was fired because of her complaints about unpaid overtime.

19. Due to the stress of the situation and losing her job, Plaintiff began suffering emotional distress and began needing to take anxiety medication.

20. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants as Title Processors/Closers and not paid overtime

compensation, and for retaliation.

21. Plaintiff and others similarly situated were employees of Defendants under the FLSA.

22. Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

23. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

24. Defendants failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff, and all others similarly situated, are required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendants to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

25. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff and all other similarly situated.

26. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

27. During her employment, Plaintiff complained to management, objecting to Defendant's failure to properly pay overtime compensation.

28. After Plaintiff objected to the unlawful pay practices, Defendants terminated Plaintiff's employment in retaliation for her protected activity under the FLSA.

## COUNT I
## OVERTIME – FLSA

29. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 27 as if fully restated herein.

30. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

31. Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of herself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## RETALIATION – FLSA

33. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 27 as if fully restated herein.

34. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

35. By complaining to management about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

36. By being discharged, Plaintiff suffered an adverse action by Defendants immediately subsequent to her protected activity.

37. Plaintiff's termination was directly caused by, and was a result of, her protected activity.

38. By discharging Plaintiff because of her statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

39. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other

remuneration;

    (ii)    Reinstatement of full fringe benefits;

    (iii)    Front and back pay;

    (iv)    Liquidated damages;

    (v)    Any other compensatory damages allowable under the law;

    (vi)    Attorneys' fees and costs pursuant to the FLSA;

    (vii)    Emotional distress damages;

    (viii)    Punitive damages;

    (ix)    Prejudgment and post-judgment interest; and

    (x)    Any other relief the Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

**DATED** this 27th day of March, 2017.

    Respectfully submitted,
    **WHITTEL & MELTON, LLC**
    */s/ Jay P. Lechner*

    Jay P. Lechner, Esq.
    Florida Bar No.: 0504351
    Jason M. Melton, Esq.
    Florida Bar No.: 605034
    One Progress Plaza
    200 Central Avenue, #400
    St. Petersburg, Florida 33701
    Telephone: (727) 822-1111
    Facsimile: (727) 898-2001
    Service Email:
      Pleadings@theFLlawfirm.com
      lechnerj@theFLlawfirm.com
      shelley@theFLlawfirm.com
      kmoran@theFLlawfirm.com

*Attorneys for Plaintiffs*